*William Graighead* and *Frank Conover*, for plaintiff in error.

*McMahon & McMahon; Young & Young; Gottshall & Brown*, and *Gunckel, Rowe & Shuey*, contra.

---

## HOSPITALS.

1 Dec.<br>887

[Muskingum Circuit Court, October Term, 1894.]

Follett, Jenner and Pomerene, JJ.

### ZANESVILLE (CITY) v. JEFFERSON C. CROSSLAND.

1. SECTION 2166, REV. STAT., IS NOT IN CONFLICT WITH THE CONSTITUTION.

   Section 2166, Rev. Stat., authorizing a city to contract with a hospital association for the care of the sick, and to acquire a permanent interest therein, is not contrary to sec. 6, art. 8, of the constitution.

2. COUNCIL MAY ENTER INTO CONTRACT FOR CARE OF THE SICK.

   The council of a municipality may enter into a contract with an association organized for charitable purposes, within the corporation, for the management of a hospital already erected for the sick and disabled, to provide medical and surgical aid and nursing for sick and disabled persons, free of expense to those who are unable to pay, and at cost to those who are able to pay.

3. REPRESENTATION ON BOARD, OR INTEREST IN PROPERTY, NOT NECESSARY IN ORDER TO CONTRACT.

   The fact that the municipality is not represented by one or more of the board of trustees, and that it has no interest in the grounds or buildings except as lessee (for a term of ninety-nine years) of one building situated on the real estate, suitably arranged and prepared with free wards, does not preclude the council from entering into the said contract.

ERROR to the Court of Common Pleas of Muskingum county.

JENNER, J.

Jefferson C. Crossland, a citizen and taxpayer of the city of Zanesville, on behalf of himself and other taxpayers of said city, filed a petition in the court of common pleas, the object of which was to restrain the council of the city from entering into a contract with "The Zanesville City Hospital Association," by the terms of which the city agrees to pay the hospital association $1,800 *per annum* for a long term of years, the consideration of which is fully set forth in the proposed contract, which is in writing.-

The petition avers, among other things, that the contract is illegal, and a misapplication of the funds of the city is intended thereby.

The city of Zanesville filed an amended answer, admitting that it is about to enter into a written contract with "The Zanesville City Hospital Association," setting forth a copy of the contract, and averring that said association was organized for and is a charitable organization, located within said city.

First—To provide medical and surgical aid and nursing for sick and disabled persons, free of expense to those unable to pay, and at a cost to those who are able to pay, the amount to be determined by the trustees of the association.

Second—The object is, further, to instruct and train suitable persons in the duties of nursing and attending upon the sick.

Third—To carry into execution such other purposes and objects incidental and kindred to those above set forth.

The hospital association, for a long time, has been, and still is, the owner of a large tract of land, centrally located in said city; upon which have been erected, prior to the time hereinafter named, large and valuable ·buildings, adapted to hospital purposes, for the accommodation· of the sick and disabled, and said association was, prior to the time hereinafter named, and now is, conducting a hospital for the objects and purposes aforesaid in said city, and has a corps of medical attendants, a matron and a large number of competent nurses, and ample facilities for the care and treatment of the poor, sick and disabled persons of said city; said city of Zanesville does not own any hospital, or grounds therefor, and has no arrangement, provision or facilities for taking care of the sick and disabled poor.

Then, it is further averred that said hospital association of said city of Zanesville, at the time of the institution of the suit herein, was about to enter into a contract, in writing, with the city, whereby said association stipulated, covenanted and agreed to receive into the free wards of said hospital from and after the——day of ———,1895, all sick and disabled persons of the said city, to the limit and capacity of said wards, to provide medical and surgical aid, nursing, care and attention and sustenance until such time as their condition would warrant their removal therefrom, who are financially unable to contribute to the expense of said medical and surgical aid, nursing, care and sustenance, and who are proper objects of admission under the rules and regulations of said hospital.

Said association further agrees and covenants to receive into said hospital during the continuance of said agreement, under like conditions, all sick and disabled firemen, and all other employees of the city who become sick and disabled in the discharge of their duty, and to give them all reasonable medical and surgical aid, care, attention and sustenance until such time as their condition would warrant their removal therefrom.

It further avers that the association has agreed, whenever demand should be made by the city council, to lease a certain frame building situated upon the ground of said association, without rental, to said city for a term of ninety-nine years.

Said building has been made ready for the accommodation and occupancy of the sick and disabled of said city of Zanesville, to provide therefor the same as for those received into the free wards, and under the same rules and regulations in such behalf therein prescribed. It is further averred that regular reports to the council are to be made, and the council is to have representation on the advisory board, all of which is provided for in detail. The city claims the right to enter into this contract by authority of sec. 2166, Rev. Stat. The amended answer was demurred to and the demurrer sustained in the court below, which is the error assigned.

There are two grounds upon which it is urged that this contract is in violation of the law of the land:

First—Section 2166, Rev. Stat., does not authorize it.

Second—It is said it violates sec. 6, article 8, of the constitution.

This section of the constitution has frequently been before the Supreme Court for construction. Section 6, article 8, reads as follows:

"General assembly shall never authorize any county, city, town or township, by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation or association whatever, or to raise money for, or to loan its credit to, or in aid of, any such company, corporation or association."

In *Walker* v. *Cincinnati*, 21 O. S., 14, it was urged by plaintiff that the act of May 4, 1869, which authorized the city to build a railroad from Cincinnati to Chattanooga, was in contravention of this section. Scott, C. J., on page 54, uses this language:

"The mischief which this section interdicts is a business partnership between a municipality or subdivision of the state, and individuals, or private corporations or associations. It forbids the union of public and private capital or credit in any enterprise whatever. In no project by individuals, whether associated or otherwise, with a view to gain, are the municipal bodies named permitted to participate in such manner as to incur pecuniary expense or liability. They may neither become stockholders, nor furnish money or credit for the benefit of the parties interested therein."

Note the language of the Chief Justice: "In no project originated by individuals * * * 'with a view to gain,' will a city be permitted to participate in such manner as to incur pecuniary expense or liability."

In *Taylor* v. *Comrs.*, 23 O. S., 22, in which the Supreme Court declared the act of April 23, 1872, to authorize counties, townships and municipalities therein named to build railroads, to be unconstitutional, as being in contravention of sec. 6, article 8, White, C. J., approves the language of Chief Justice Scott in the Walker case, quoted above. Again, in *Wyscarver* v. *Atkinson*, 37 O. S., 80, Judge McIlvaine, on page 96, quotes this language of Scott, C. J., in the Walker case, with approval. In the three cases above named, this section was construed by the Supreme Court of Ohio, and the language of Judge Scott in the Walker case is accepted as giving the true construction of this section of the constitution of Ohio. It is then settled by adjudication that "In no project originated by individuals, whether associated or otherwise, with a view to gain, are the municipal bodies named to participate in such a manner as to incur pecuniary expense or liability."

The Zanesville City Hospital Association is charitable in its objects; it was not organized for and has not been carried on with a view to gain. It belongs to the class of associations with which municipalities are authorized to contract in the manner provided by sec. 2166, Rev. Stat.

But the contention is that if the city may enter into a contract with this association, the one contemplated is unauthorized.

The section reads as follows (Rev. Stat., sec. 2166):

"The council may enter into an agreement with a corporation or association, organized for charitable purposes in such municipal corporation, for the erection and management of a hospital for the sick and disabled, and for a permanent interest therein, to such extent and upon such terms and conditions as may be agreed upon between the council and such corporation or association; and the council shall provide for the payment of the amount agreed upon for any interest so acquired, either in one payment or installments, or so much, from year to year, as the parties may stipulate."

This section authorizes the city council to enter into an agreement with an association organized for charitable purposes, within the corporate limits "for the erection and management of a hospital for the sick and disabled." It is admitted by the demurrer that "The Zanesville City Hospital Association" is such a charitable association, within the corporate limits of the city of Zanesville; that it has suitable buildings and grounds for hospital purposes. But the language of the statute is that a contract may be entered into "for the erection and management of a hospital." If a suitable building is already erected, will that fact preclude the city from entering into a contract with the association for its

management?  Certainly it was not the intention of the legislature to require the expense of the erection of a hospital to be incurred, if a suitable building was already erected.

A suitable building then being erected, may the city contract with the association for the management of it, and for the association to furnish the nursing, care and medical attention for the sick and disabled poor of the city, who may require such care; such nursing and care as cannot be provided in their humble homes; may the city contract for this nursing, care and medical service with the association, and under its management?  We think it may do so.  It cannot be otherwise than that a great saving will result to the taxpayers from this arrangement; the expense of a new building, with the necessary cost of its management will thus be substantially saved.

Counsel for defendant contend that the city must first acquire a permanent interest in the hospital and grounds before such a contract can be entered into. Sections 2153 to sec. 2165, Rev. Stat., inclusive, authorize a municipality to incur the whole expense of the purchase of the grounds, erection of buildings and management of the same for hospital purposes.  Section 2166 authorizes a contract by which the city may be relieved of a part of this expense.  It may contract for the erection and management of a building; it may contract for a permanent interest in the property.  I think it may contract for the management without acquiring a permanent interest in the property.  But in this case a contract for a lease for ninety-nine years is for a permanent interest therein.

To make the contract valid for a permanent interest, it is not essential that the city be represented by one or more trustees on the board of trustees of the association.  We are of the opinion that the contract which the city is about to enter into, is authorized by section 2166 Rev. Stat.; and that said section is not unconstitutional.  The case will be reversed for error in sustaining the demurrer to the amended answer, and remanded to the court below for further proceedings according to law.

*F. H. Southard* and *J. R. Humphrey*, for plaintiff in error.

*W. H. Johnson* and *Frank A. Durban*, for defendant in error.